UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FIRST BAPTIST CHURCH OF
FERNANDINA BEACH, a Florida not for
profit corporation,

    Plaintiff,
vs.                                        CASE NO.   3:12-cv-401-J-34TEM

CCL ASSOCIATES, LLC, a
Georgia limited liability company,

    Defendant.
_____

**O R D E R**

This case is before the Court *sua sponte*. Plaintiff, First Baptist Church of Fernandina Beach's Motion to Strike Affirmative Defenses of Defendant, CCL Associates, LLC (Doc. #14, Motion to Strike), was filed May 31, 2012. Plaintiff's "Amended Local Rule 3.01(g) Certification and Notice of Compliance with Local Rule 3.01(g) Regarding Plaintiff's Previously Filed Motion to Strike" was filed on June 1, 2012 (*see* Doc. #15, Notice of Compliance). In the Motion to Strike, Plaintiff's counsel avers she contacted Defendant's counsel *on the same day the motion was filed,* first by e-mail and then by telephone attempt (Doc. #14 at 5). In the Notice of Compliance, which was filed at 8:37 a.m., EDT, on June 1, Plaintiff's counsel states that "at 5:47 p.m., the undersigned counsel for Plaintiff received an email communication from counsel for Defendant stating that Defendant opposes the relief set forth in Plaintiff's motion to strike" (Doc. #15 at 1). Presumably, the 5:47 p.m. refers to the late afternoon of May 31.

Under Rule 3.01(g), counsel for the parties are directed:

Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit

>maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. *A certificate to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.*

M.D. Fla. Loc. R. 3.01(g) (emphasis added).

The importance of the rules cannot be overstated and it appears counsel may have some misunderstanding regarding compliance with Local Rule 3.01(g). All counsel and unrepresented parties are expected to be familiar with and comply with all applicable rules of this Court. With respect to Local Rule 3.01(g), the Court has noted, "The purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876 (M.D. Fla. 1996). A number of magistrate judges in the Middle District of Florida have construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, *2 n.1 (M.D. Fla. Aug. 14, 2000); *see also, Espinal v. Professional Recovery Servs., Inc.*, No. 3:10-cv-131-J-32TEM, 2010 WL 4392912, *1 (M.D. Fla. Oct. 29, 2010); *Lippy v. Metropolitan Cas. Ins. Co.*, No. 3:10-cv-727-J-34MCR, 2010 WL 40007035, *1 (M.D. Fla. Oct. 13, 2010); *Judkins v. Bloomers International, Inc.*, No. 8:09-cv-02538-T-17TBM, 2010 WL 2510665, *2 (M.D. Fla. Jun. 21, 2010); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2008 WL 5263701, *1 (M.D. Fla. Dec. 17, 2008).[1] **Many disputes are**

---

[1] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-
(continued...)

**more easily resolved when the parties actually speak with each other.** *See O'Rear v. Greenwich Ins. Co.*, No. 8:09-cv-1903-T-26TGW, 2010 WL 2869475, *1 (M.D. Fla. July 21, 2010) (directing the parties to confer personally within seven days in a good faith effort to resolve the pending discovery disputes without court intervention).

The Court recognizes the parties exchanged emails concerning the motion to strike on the same day the motion was filed.  Nonetheless, the Court still finds the requisite "conference" was inadequate.  Four weeks passed between the time the Amended Answer (Doc. #9) was filed and the Motion to Strike was filed.  There was no urgency to the filing of the Motion to Strike by May 31.  "It is insufficient to state that the parties were unable to confer on an issue due to the unavailability or unresponsiveness of counsel." *Smith v. Universal Health Care, Inc.*, No. 8:09-cv-1446-T-30TGW, 2010 WL 2757467, *1 (M.D. Fla. July 13, 2010).  Taking the time to have a meaningful conference in this matter may well have resolved, if not mitigated, the dispute.  Last minute exchanges of emails will not be accepted as an adequate effort to communicate to resolve the subject dispute before seeking Court intervention.

The Court cautions both Plaintiff's counsel *and* Defendant's counsel that the mandates of Local Rule 3.01(g) apply to both sides, which means "timely responding to written correspondence and/or telephone communications regarding same." *Id.*  Accordingly, all parties are expected to strictly adhere to the requirements of Local Rule 3.01(g).  Although the Court will permit the Motion to Strike to remain in the record, in light of the Notice of Compliance, the parties should not expect such leniency to routinely occur. Failure to follow

---

[1](...continued)
2.

the Local Rules may result in the filed document being stricken from the record without consideration on the merits.

In the future, the parties are hereby directed to confer personally or by telephone in a good faith effort to resolve or narrow their disputes without the necessity of Court intervention. In doing so, counsel shall be mindful of the mandates of Local Rule 2.04(h), which requires attorneys to "conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay."

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of June, 2012.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge